UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KEOWN and DIANA ANGUS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL ASSOCIATION OF SHEET METAL AIR RAIL TRANSPORTATION WORKERS,<br><br>    Defendant. | Case No. 1:23-cv-03570-CRC |

PRELIMINARY APPROVAL ORDER

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant International Association of Sheet Metal Air Rail Transportation Workers ("Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs David Keown and Diana Angus as the Class Representatives, the appointment of David Lietz and Tyler Bean as Class Counsel for Plaintiffs and the Settlement Class, the approval of Angeion as the Settlement Administrator, the various

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All individuals in the United States who were impacted by the September 9, 2023 data security incident, including all who were sent a notice of the incident."

The Settlement Class specifically excludes: (i) SMART and its officers and directors and the Related Parties; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity resulting in the occurrence of the Incident or who pleads *nolo contendere* to any such charge. *Id*.

3. Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it consists of roughly 62,939 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially implicated in the Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Settlement Class and allege they have been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available

methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs David Keown and Diana Angus as the Class Representatives.

5.      The Court appoints David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and Tyler Bean of Siri & Glimstad LLP as Class Counsel for the Settlement Class.

6.      The Court appoints Angeion as the Settlement Administrator.

7.      A Final Approval Hearing shall be held before the Court on September 9, 2025, at 11:00 AM in Courtroom 27A before Judge Christopher R. Cooper for the following purposes:

   a) To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

   b) To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c) To determine whether the notice plan conducted was appropriate;

   d) To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e) To determine whether the requested Class Representative Service Awards of $3,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund ($315,000) plus reasonable out-of-pocket litigation expenses of up to $30,000 should be approved by the Court;

   f) To determine whether the settlement benefits are fair, reasonable, and adequate; and,

   g) To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the notices (including the Short Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Unopposed Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, Settlement Administration, claims processing, and other execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides Class Member Information to the Settlement Administrator | +7 days after preliminary approval order |
| Class Notice Commencement Date | +21 days after preliminary approval order |
| Class Notice Completion Date | +30 days after preliminary approval order |
| Plaintiffs' Counsel's motion for Fees and Expenses and Service Awards | +45 days after the Class Notice Commencement Date |
| Objection Deadline | +60 days after Class Notice Commencement Date |
| Request for Exclusion Deadline | +60 days after Class Notice Commencement Date |
| Claims Deadline | +90 days after Class Notice Commencement Date |
| | |
| **Final Approval Hearing** | September 9, 2025, at 11:00 AM |
| Motion for Final Approval | -14 days from the Final Approval Hearing |
| | |

4

| **From Order Granting Final Approval** | |
|---|---|
| Effective Date | +30 days, assuming no appeal has been taken. See definition of Final in Paragraph 1.10 of the Settlement Agreement. |
| Payment of Plaintiffs' Counsel's Fees and Expenses and Service Awards | +20 days after Effective Date |
| Payment of Valid Claims to Settlement Class Members | +30 days of Effective Date |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Class Notice Commencement Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Postcard Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Class Notice Commencement Date. The written notice must be signed and clearly manifest a Person's intent to be excluded from the Settlement Class. Settlement Class Members who seek to exclude themselves shall receive no benefit or compensation under this Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Class Notice Commencement Date and include each and all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written

5

statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

13. To be timely, written notice of an objection in the appropriate form must be mailed to the designated email address or Post Office box established by the Settlement Administrator and contain the case name and docket number *Keown et al. v. International Association of Sheet Metal Air Rail Transportation Workers*, Case No. 1:23-cv-03570 no later than sixty (60) days from the date on which the notice program commences. Any Settlement Class Member who fails to comply with these requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

14. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled

to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to International Association of Sheet Metal Air Rail Transportation Workers in this Action.

15. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against International Association of Sheet Metal Air Rail Transportation Workers or the other Released Parties.

16. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Action or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against International Association of Sheet Metal Air Rail Transportation Workers or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

17. The Court reserves the right to adjourn the date of the Final Approval Hearing

without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

    IT IS SO ORDERED.

Date: <u>May 8, 2025</u>

                                       **The Honorable Christopher R. Cooper**
                                       **United States District Court Judge**